**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ARCHIE CABELLO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-21-CV-242-FM** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

 Archie Cabello, Federal Prisoner Number 73097-065, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.   Pet'r's Pet., ECF No. 1.   He challenges "the validity of [his federal] conviction[s] and manner by which [his] sentence [is] executed" in cause number 3:10-CR-482 in the United States District Court for the District of Oregon.   <u>Id.</u> at 7.   He is not entitled to § 2241 relief for the following reasons.

**BACKGROUND**

 Cabello is a 73-year-old federal prisoner serving a 240-month sentence for conspiring to defraud the United States, possessing stolen bank funds, making false statements on credit applications, filing a false income tax return, and conspiring to launder money.   <u>United States v. Cabello</u>, 3:10-CR-482 (D. Ore.), Am. J. Crim. Case 1–3, ECF No. 270.   He is currently incarcerated at the La Tuna Federal Correctional Institution in Anthony, Texas.   Pet'r's Pet. 37, ECF No. 1.   <u>See</u> Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 90739-380) (last visited Oct. 13, 2021).   His projected release date is March 11, 2029.   <u>Id.</u>   His place of confinement is in El Paso County, Texas, which is within the jurisdiction of the United States District Court for the Western District of Texas.   28 U.S.C. § 124(d)(3).

 According to the Government's trial brief, Cabello worked for a nationwide armored car

company, Dunbar Federal Armored Express, Inc., in Milwaukee, Wisconsin.   United States v.

Cabello, 3:10-CR-482 (D. Ore.), Gov't's Trial Mem. 15, ECF No. 116.   He drove an armored

vehicle and distributed currency throughout Milwaukee.   Id.   On August 4, 1995, he arranged

for his wife to drive the family car alongside the armored car he was driving.   Id.   He tossed a

bag containing $157,839 in cash into the open window of the family car.   Id.   On July 13, 1998,

he staged a robbery with the assistance of his son and obtained an additional $730,000 in cash.

Id. at 17.   He stored the money with an out-of-state private safety deposit company.   Id.

In 1999, Cabello took the money and moved to Portland, Oregon.   Id.   He used a false

name and deposited the money in a private safety deposit box in Bellevue, Washington.   Id.   He

made false statements about his source and amount of income and obtained credit cards to

purchase items.   Id. at 18.   He then took money from the safety deposit box, purchased money

orders with the cash, and paid his credit card bills.   He avoided scrutiny by never making large

purchases.   Id.

In March 2005, Cabello was hired by an armored car company, Oregon Armored

Services, in Portland.   Id.   On December 6, 2005, he staged another robbery with the assistance

of his son.   Id. at 20.   He stole two plastic bags which contained a total of $3 million in cash.

Id.   He then failed to report the cash he spent from the stolen money as income on his 2005

federal tax return.   Id. at 22.

Cabello was indicted in the United States District Court for the District of Oregon.   Id.,

Indictment, ECF No. 1.   He was charged in 51 counts with conspiracy to commit bank larceny,

possess stolen bank funds, and make false statements on credit applications (count one); bank

larceny (count two); possession of stolen bank funds (count three); making false statements on

credit applications (counts four through fourteen); filing a false income tax return (count fifteen); concealing the proceeds of a crime (counts sixteen through fifty); and conspiracy to launder money (count fifty-one).   Id.

On the morning of his jury trial, Cabello, appearing pro se with standby counsel, filed a petition to plead guilty—a common practice in Oregon.   Id., Petition to Enter Plea of Guilty, ECF No. 148.   He did not enter into a plea agreement with the Government.   He indicated in the printed portion of the petition that he was pleading guilty to counts one and fifty-one of the indictment.   Id. at 1–2.   He later claimed some unidentified person had added in handwriting, without his knowledge, that he was also pleading guilty to counts three, four, nine, eleven, twelve, and fifteen of the indictment:

*False Statements Ct. 3 is possession on credit cards of stolen funds*

agreement between defendant and at least one other person to commit either Bank

Larceny, Possession of Stolen Bank Funds or Making False Statements on Credit Card

Applications; (2) that defendant became a member of the conspiracy knowing at least one

of its objects and intending to help accomplish it; (3) an overt act performed by one of the

conspirators for the purpose of carrying out the conspiracy; and (4) that some part of the

conspiracy took place within the District of Oregon.   → *False income tax*

*Also Counts (3, 4, 9, 11, 12), 15*

For the charge of Money Laundering Conspiracy (Count 51 of the Indictment),

that (1) an agreement between defendant and at least one other person to commit Money

Laundering; (2) that defendant became a member of the conspiracy knowing at least one

of its objects and intending to help accomplish it; (3) an overt act performed by one of the

conspirators for the purpose of carrying out the conspiracy; and (4) that some part of the

conspiracy took place within the District of Oregon.

I have had a full and adequate opportunity to disclose to my attorney all facts

known to me that relate to my case.  I understand that the Court may ask whether I am

satisfied with the advice I have received from my attorney.

4. I know that if I plead "GUILTY," I will have to answer any questions that the

judge asks me about the offense(s) to which I am pleading guilty.  I also know that if I

answer falsely, under oath, and in the presence of my attorney, my answers could be used

against me in a prosecution for perjury or false statement.

5. I am not under the influence of alcohol or drugs.  I am not suffering from any

injury, illness or disability affecting my thinking or my ability to reason except as

follows: *none*.  I have not taken any drugs or medications within the past seven (7) days

except as follows: *none.*

Page 2 of 9 – PETITION TO ENTER PLEA OF GUILTY

Cabello later moved to withdraw his guilty pleas.   Id., Mot. to Withdraw Guilty Plea, ECF No. 195.   He claimed the petition to plead guilty "was not altered in any way when [he] signed the agreement.   It was not until the following day when appointed counsel attempted to have [him] sign an amended plea agreement that the alterations became known to the defendant." Id. at 2.

At a hearing on his motion to withdraw his guilty pleas, Cabello conceded he intended to plead guilty to counts one and fifty-one.   Id., Supp. Findings and Order 2, ECF No. 208.   But he insisted he did not plead guilty to the remaining counts.   Id.   And he asserted "the plea petition was modified beyond what [he] agreed to at the time of the plea hearing."   Id.

The Court observed the transcript of the plea hearing showed Cabello pleaded guilty to eight counts of the indictment:

> THE COURT: The matters that you are going to plead to, you will be pleading guilty in this case to conspiracy to commit bank larceny, possession of stolen bank funds and making false statements on credit card applications. That's Count 1 of the indictment.
>     . . . .
> In addition, you are pleading guilty to Counts 3, 4 ,9, 11, 12 and 15. These involve false statements on credit cards. I believe that's Counts 4, 9,11 and 12. Count 3 is possession of stolen funds. 15 is filing of false income tax.
>     . . . .
> For the record, you are also pleading guilty to the charge of money laundering conspiracy. That's Count 51 of the indictment.
>     . . . .
> Do you understand the charges that you are pleading to?
> THE DEFENDANT: Yes, sir, I do.

Id. at 3–4.   The Court noted, "[a]lthough Counts 3, 4, 9, 11, 12 and 15 were handwritten on the plea petition, those Counts were discussed at the time of the plea and defendant pled guilty to all

of them.   Nothing was added to the plea petition, and nothing was modified on the plea petition

after the time of the plea." Id. at 4.

The Court sentenced Cabello to serve concurrent sentences of 60 months' imprisonment

for count one, 120 months' imprisonment for count three, 240 months' imprisonment for counts

four, nine, eleven and twelve, 36 months' imprisonment for count fifteen, and 240 months'

imprisonment for count fifty-one. Id., Am. J. Crim. Case 3, ECF No. 270.   It also ordered him

to pay $3,755,000 in restitution. Id. at 6.

Cabello claimed in his direct appeal "that the district court erred in denying his motions

to withdraw his guilty plea." United States v. Cabello, 599 F. App'x 761, 761 (9th Cir. 2015).

He maintained "he believed at the time of his plea that he was only pleading guilty to counts 1

and 51 of the indictment." Id. at 762.

The Ninth Circuit Court of Appeals indicated it was aware "Cabello argued before the

district court that he should be permitted to withdraw his plea because he was not guilty of the

charges; because the plea resulted from confusion, duress and the lack of competent counsel; and

because he believed at the time of his plea that he was only pleading guilty to counts 1 and 51 of

the indictment." Id. at 761–62 (quotation marks omitted).   But it found Cabello provided "no

basis for [it] to conclude that the district court did not exercise its discretion appropriately." Id.

at 762.   So, it concluded that Cabello had abandoned his arguments. Id.   It also found "it was

clear that there was a factual basis for Cabello's plea [and] any [Federal Rule of Criminal

Procedure] 11(b)(3) error did not affect [his] substantial rights and [did] not warrant vacatur of

his convictions." Id.

Cabello's petition for writ of certiorari to the Supreme Court was denied.   Cabello v. United States, 577 U.S. 912 (2015).

Cabello again questioned the legality of his plea in a motion to vacate under 28 U.S.C. § 2255.   United States v. Cabello, 3:10-CR-482 (D. Ore.), Mot. to Vacate 10–17, ECF No. 287. He asserted "the plea was fraudulent because it lacked adequate factual basis, he was coerced to plead guilty and the plea colloquy contained irregularities."   Cabello v. United States, No. 3:10-CR-00482-JO-01, 2017 WL 706616, at *5 (D. Or. Feb. 21, 2017).

The Court found "[i]n essence, these [were] the same arguments he made in his direct appeal to the Ninth Circuit."   Id.   It then determined his claims were barred because "a court is ordinarily precluded from reexamining an issue decided by the same court, or a higher court, in the same case."   Id. (citing United States v. Jingles, 702 F.3d 494, 498 (9th Cir. 2012)).

The Ninth Circuit denied Cabello's request for a certificate of appealability because he failed to make a "substantial showing of the denial of a constitutional right."   United States v. Cabello, No. 17-35224, 2017 WL 4125002, at *1 (9th Cir. June 30, 2017) (quoting 28 U.S.C. § 2253(c)(2)); see also Miller–El v. Cockrell, 537 U.S. 322, 327 (2003).

In his instant petition, Cabello asserts he only "pleaded guilty to count 1 and count 51." Pet'r's Pet. 8, ECF No. 1.   He adds "the crux of [his] argument [is] the plea [petition] was altered without [his] knowledge or input."   Id.   He maintains "[a] plea cannot be altered without the consent of the parties, nor may the court modify a plea on its own simply because of an uninduced mistake."   Id. at 23.   He suggests "[t]he chaos and confusion caused by the plea impelled the government and the court to pull out all the stops to defend the defective, illegal, and fraudulent plea."   Id. at 21.   He avers "having decided early on that they would stick-fast to

-7-

the altered plea, the government did so through direct appeal and the 2255 and continue to

adhere to it to this day."   <u>Id</u>. at 23.   He asks the Court to vacate his convictions.   <u>Id</u>. at 35.

## APPLICABLE LAW

As a preliminary matter, a reviewing court must determine whether a claim is properly

raised in a § 2241 petition.   "If it plainly appears from the petition and any attached exhibits that

the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

direct the clerk to notify the petitioner."   28 U.S.C. foll. § 2254 R. 4; <u>see</u> R. 1 ("The district

court may apply any or all of these rules to a habeas corpus petition . . .").

### A.   28 U.S.C. § 2241

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the

manner in which his sentence is carried out or the prison authorities' determination of its

duration."   <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).   To prevail, a

§ 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or

treaties of the United States."   28 U.S.C. § 2241(c).   A § 2241 petitioner may make this attack

only in the district court with jurisdiction over his custodian.   <u>United States v. Cleto</u>, 956 F.2d

83, 84 (5th Cir. 1992).

### B.   28 U.S.C. § 2255

By contrast, a motion to vacate or correct a sentence pursuant to 28 U.S.C. § 2255

"'provides the primary means of collateral attack on a federal sentence.'"   <u>Pack</u>, 218 F.3d at 451

(quoting <u>Cox v. Warden</u>, 911 F.2d 1111, 1113 (5th Cir. 1990)).   Relief under § 2255 is

warranted for errors that occurred at trial or sentencing.   <u>Cox</u>, 911 F.2d at 1114 (5th Cir. 1990);

<u>Ojo v. INS</u>, 106 F.3d 680, 683 (5th Cir. 1997); <u>Solsona v. Warden, F.C.I.</u>, 821 F.2d 1129, 1131

(5th Cir. 1987).   A § 2255 movant may only bring his motion in the district of conviction and

sentence.   <u>Pack</u>, 218 F.3d at 452.

### C.   Savings Clause

As a result, a federal prisoner who wants to challenge his conviction or sentence must

generally seek relief under § 2255.   <u>Padilla v. United States</u>, 416 F.3d 424, 426 (5th Cir. 2005).

He may raise his claims in a § 2241 petition only if they fall within the "savings clause" of §

2255(e).   <u>Id</u>.   Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized
> to apply for relief by motion pursuant to this section, shall not be entertained if it
> appears that the applicant has failed to apply for relief, by motion, to the court which
> sentenced him, or that such court has denied him relief, *unless it also appears that
> the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).   Case law establishes a petitioner must satisfy a

two-prong test to successfully invoke the savings clause:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively
> applicable Supreme Court decision which establishes that the petitioner may have
> been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law
> at the time when the claim should have been raised in the petitioner's trial, appeal,
> or first § 2255 motion.

<u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001).   Moreover, a petitioner

must prove both prongs.   <u>Padilla</u>, 416 F.3d at 426.   Indeed, a § 2241 petition is not a mere

substitute for a § 2255 motion, and a petitioner bears the burden of showing that the § 2255

remedy is inadequate or ineffective.   <u>Reyes-Requena</u>, 243 F.3d at 901 (citing <u>Pack</u>, 218 F.3d at

452; <u>Kinder v. Purdy</u>, 222 F.3d 209, 214 (5th Cir. 2000)).

### ANALYSIS

Cabello asserts he only "pleaded guilty to count 1 and count 51."   Pet'r's Pet. 8, ECF

No. 1.   He adds "the crux of [his] argument [is] the plea [petition] was altered without [his] knowledge or input."   Id.

As the Court noted above, a § 2255 motion—not a § 2241 petition—"'provides the primary means of collateral attack on a federal sentence.'"   Pack, 218 F.3d at 451. Nonetheless, the savings clause in § 2255(e) allows a district court with jurisdiction over a prisoner's custodian to entertain a § 2241 petition challenging a federal sentence if it first concludes that a § 2255 motion is inadequate to challenge a prisoner's detention.   28 U.S.C. § 2255(e).   The first prong of the stringent § 2255(e) savings clause test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law."   Reyes-Requena, 243 F.3d at 903.   The second prong requires a petitioner to show his "argument falls within the scope of, and is excluded by, a prior holding of a controlling case."   Garland v. Roy, 615 F.3d 391, 398 (5th Cir. 2010).

Cabello claimed in his direct appeal "that the district court erred in denying his motions to withdraw his guilty plea."   Cabello, 599 F. App'x at 761.   He asserted "he believed at the time of his plea that he was only pleading guilty to counts 1 and 51 of the indictment."   Id. at 762.   But he provided "no basis . . . to conclude that the district court did not exercise its discretion appropriately."   Id.   So, by his omission, he abandoned his argument.   Id.

Cabello claimed in his § 2255 motion that "the plea was fraudulent because it lacked adequate factual basis, he was coerced to plead guilty and the plea colloquy contained irregularities."   Cabello, 2017 WL 706616, at *5.   His argument was rejected by the Court because "[i]n essence, these [were] the same arguments he made in his direct appeal to the Ninth Circuit."   Id.   Hence, his claim was barred because "a court is ordinarily precluded from

-10-

reexamining an issue decided by the same court, or a higher court, in the same case."   Id.

Cabello makes the same argument in his § 2241 petition.   He maintains he only "pleaded guilty to count 1 and count 51."   Pet'r's Pet. 8, ECF No. 1.   Notably, he does not assert he is innocent.   He does not identify a Supreme Court decision retroactively applicable to his case which establishes that he may have been convicted of a nonexistent offense.   He does not argue his claim was foreclosed by circuit law at the time he raised it before the trial court, in his appeal, and in his first § 2255 motion.   His "prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective." Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).   Furthermore, his contention that, at the time he entered his pleas, he believed he was pleading guilty to only counts one and fifty-one is belied by the record summarized above.   Finally, he should recognize that in this Circuit, as well as in the Ninth Circuit, "[t]he law of the case doctrine . . . generally precludes reexamination of issues of law or fact decided on appeal."   Todd Shipyards Corp. v. Auto Transp., S.A., 763 F.2d 745, 750 (5th Cir. 1985).   Cabello does not meet the criteria for relief under the savings clause.

## CONCLUSION AND ORDERS

The Court finds Cabello cannot satisfy either prong of the stringent § 2255(e) savings clause test.   Reyes-Requena, 243 F.3d at 904.     Hence, it finds he cannot meet his burden of demonstrating the inadequacy or ineffectiveness of § 2255.   And it therefore concludes that his claim—he only "pleaded guilty to count 1 and count 51" and is therefore entitled to § 2241 relief—is not cognizable in a § 2241 habeas corpus action.   See Pet'r's Pet. 8, ECF No. 1.   It will accordingly dismiss his petition for lack of jurisdiction.   The Court accordingly enters the following orders:

**IT IS ORDERED** that that Cabello's <u>pro se</u> "Petition for a Writ of Habeas Corpus Section 2241 Challenging the Validity of Conviction and Manner by which Sentence Was Executed" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent that Cabello's petition may be construed as a second or successive motion under 28 U.S.C. § 2255 submitted without the approval of the Fifth Circuit Court of Appeals, he is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this 22nd day of October 2021.

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

-12-